SIDNEY FAITH, APPELLEE, V. HAMILTON COUNTY ET AL., APPELLANTS: NEW AMSTERDAM CASUALTY COMPANY, APPELLEE.

FILED DECEMBER 11, 1936. No. 29949.

*Chambers & Holland,* for appellants.

*Craft, Edgerton & Fraizer* and *T. E. Sullivan,* contra.

Heard before Goss, C. J.; ROSE, DAY, PAINE and CARTER, JJ., and CHAPPELL, District Judge.

ROSE, J.

This is a proceeding under the workmen's compensation law. Sidney Faith, plaintiff, a laborer, presented a claim

against his employer, Hamilton county, and its compensation insurance carriers, Employers Mutual Casualty Company and New Amsterdam Casualty Company, three defendants. All of them denied liability to plaintiff for compensation.

The cause was tried at Aurora, Hamilton county, before a judge of the compensation court who found the issues in favor of plaintiff and the New Amsterdam Casualty Company and dismissed the proceeding as to the latter. Judgment for compensation was entered against Hamilton county and Employers Mutual Casualty Company, and they appealed to the district court where the findings and judgment were the same as in the compensation court. The cause was presented to the supreme court on appeal from the district court.

As a ground of reversal it is argued that plaintiff did not sustain the burden of proving an accident arising out of and in the course of his employment and resulting in a compensable injury. Under the pleadings the preponderance of the evidence proves the following facts:

As a common laborer plaintiff was an employee of Hamilton county. While engaged in the duties of his employment, on a pile of lumber, unloading bridge timbers from a freight car, he attempted to pull a plank with a hook which slipped from his hold in the wood. Unbalanced by the accident, he fell backward to the ground, six feet or more, and was injured. The accident and injury resulted in a hernia requiring an operation which was performed September 1, 1934. Plaintiff was in the hospital until September 12, 1934. He was totally disabled for eight weeks. His claim consisted of the following items: Hospital expenses, $52; surgeon's charge, $65; plaintiff's weekly wage on half-time, $4.50, or $36 for the eight weeks; total, $153. The accident and resulting disability arose out of and in the course of his employment. The judge of the compensation court and the district court found the facts as thus summarized and entered judgment in favor of plaintiff and against defendants,

Hamilton county and its insurance carrier, Employers Mutual Casualty Company, for $153. The record does not disclose any substantial ground for findings of a different import.

The real controversy hinges on the date of the accident. On this issue the petition of plaintiff and the evidence refer both to July 27, 1934, and August 2, 1934. On July 27, 1934, the New Amsterdam Casualty Company was the insurance carrier. On August 2, 1934, Employers Mutual Casualty Company was the insurance carrier, and it contends that the preponderance of the evidence fixes July 27, 1934, as the date of the accident, when it was not an insurer.

In the compensation court plaintiff first pleaded and testified that the accident occurred on the earlier date. Before judgment, however, it was discovered upon an examination of the records at the railroad station that there was then no railroad car of county bridge lumber in Aurora; also, that one was unloaded on Thursday, August 2, 1934. In this situation plaintiff amended his petition to plead an innocent mistake and to allege the later date. Testimony on his behalf was changed to correspond to the change in the petition. At first plaintiff did not realize he would have a temporary total disability and he did not note in writing the date of the accident. For several days he continued to work for his employer. Later, while in the hospital, he began to consider data for his claim, and evidently made a mistake as to the date. Plaintiff and his wife testified positively that he worked half of each week, Thursday, Friday and Saturday, and that the accident occurred on a Thursday. A calendar in the record shows that August 2, 1934, fell on a Thursday and that July 27, 1934, did not. While, in the meantime, two or three cars of lumber were delivered at Aurora, the proper inference from the testimony and from the evidential circumstances is that the car unloaded August 2, 1934, was the only one on which plaintiff could have been working on Thursday, when injured. It seems clear

that, as to date, the mistakes of plaintiff in his original petition and in his testimony at first were innocently made and that the corrections were properly permitted.

In this view of the evidence, the findings are the same as in the courts below. For services of counsel in the supreme court plaintiff is allowed an attorney's fee of $50 to be taxed as costs.

AFFIRMED.